Foot, J.
 

 The case of
 
 Murdock
 
 v.
 
 Chenango County Mutual Ins. Co.
 
 (2 N. Y. 210) is decisive against the claim of the respondents to recover in this action for their own
 
 *382
 
 benefit.
 
 [1]
 
 The only question open for examination and decision, is the .right of Ketcham, the assignee of the policy, to recover, in the names of the respondents, the amount of his interest; and that is scarcely an open question.
 

 The principle established by the supreme court, in the case of
 
 Robert
 
 v.
 
 Traders’ Ins. Co.
 
 (9 Wend. 404), is, that no act of the assured, after an assignment of the policy, with the assent of the insurer, shall impair the rights of the assignee. This case afterwards came, in a different form, before the court for the correction of errors, and cour^ ^gnised, approved and substantially affirmed the judgment of the supreme court. That case has also been twice noticed by this court, and each time with approbation.
 
 (Conover
 
 v.
 
 Mutual Ins. Company,
 
 1 N. Y. 293;
 
 Murdock
 
 v.
 
 Chenango County Mutual Ins. Co.,
 
 2 Id. 218, 219.)
 

 The assignment of a policy of insurance, with the assent of the insurer, creates new and mutual relations and rights between the assignee and the insurer, which, on the plainest principles of law and justice, cannot be changed or impaired by the acts of a third person, over whom the injured party has no control. In my opinion, the sale and transfer, by one of the respondents to the, other two, of his right- and interest in the property insured, after the policy was assigned to Ketcham, with the assent of the appellants, does not affect
 
 his
 
 right to recover.
 

 Judgment modified, accordingly, by reducing the amount to $2146.52.
 

 [1]
 

 Where partnership property is insured, the policy is not avoided, by the appointment, in an action to dissolve the partnership, of one of the cppart-ners, as receiver
 
 pendente lite.
 
 Keeney
 
 v.
 
 Home Insurance Co., 71 N. Y. 396.