## FRANK J. BALTIS *vs*. SARAH F. DOBIN, THE SECURITY INSURANCE COMPANY and MORGAN S. FROST.

67  507
134a 412
67b 507
7ap586i
67b     507
84 AD  43J

M., being the owner of a steam tug boat, executed a mortgage thereof to the plaintiff, to secure the payment of $3,650, in which he covenanted to insure the boat and keep the policies assigned to the mortgagee, and in case the policies were not kept up, the latter was authorized to insure and charge the premiums to M. Subsequently, M. executed a second mortgage on said boat to D., to secure $3,000, which contained a similar provision as to insurance. Later, M., by a bill of sale, sold three-fourths of the boat to F., subject to said mortgages, F. assuming to pay the sums due thereon, having previously become the owner of the other one-fourth of said boat by a purchase subject to the terms and conditions of the first mortgage. F. caused the boat to be insured, in the sum of $5,000, the policy providing that the loss, if any, should be payable to the mortgagees, to the amount of their interest. A loss occurred, to an amount exceeding the sum insured, and the liability of the insurers became fixed.

*Held*, 1. That, as between the mortgagees and F., the former were entitled to have their mortgages paid, out of the insurance moneys, before F. was entitled to any portion thereof.

2. That F. being the party insured, and having sustained the loss, he was, to the extent of that loss, within the limits of his policy, entitled to be compensated in damages payable by the insurer.

3. But that, as between F. and the insurance company, the mortgagees were the appointees to receive the loss; and they were the real parties in interest, and, to the extent of their respective mortgage debts, were entitled to maintain an action against the insurers.

4. That the insurer, by issuing a policy to F. with a provision that the loss, if any, was payable to the mortgagees, made it a part of its contract that the funds arising upon a loss should be held by it in trust for the mortgagees; or, in other words, it was a part of the contract that the same should be paid to the mortgagees.

5. That as soon as the policy was delivered, the insurance company became liable to pay to the mortgagees, *ratably*, any loss that might happen; and that liability had ripened, by the happening of the loss, into a debt due the mortgagees respectively. And that F. was entitled to the balance of the insurance money, if any should remain after payment of the mortgage debts.

ON the 12th day of March, 1869, J. D. Murphy was the owner of a steam tug boat or vessel called the "George S. Dodge," and on that day he executed a mortgage thereof to the plaintiff and one Joseph Baltis (who subsequently assigned to the plaintiff,) to secure

$3,650, on which mortgage there remains due about $3,000 ; in which mortgage he covenanted to insure her, and keep the policies assigned to the mortgagees, and in case the said policies were not kept up, the mortgagees were authorized to keep up the policies and charge the premiums to the mortgagor.

On the 26th of April, 1869, Murphy made a chattel mortgage on said boat to the defendant Dobin, to secure $3,000, which mortgage contained similar provisions as to insurance.

On the 27th of January, 1870, Murphy, by a bill of sale, sold three-fourths of said vessel to the defendant Frost, subject to the Baltis mortgage, on which there was unpaid $2,434, and also subject to the Dobin mortgage, of which it is stated " the said tug owes $2,000 ;" which sums the said Frost assumed to pay. Prior thereto Frost had become the owner of the other one-fourth of said boat by a purchase subject to the terms and conditions of the Baltis mortgage.

On the 7th day of June, 1870, the defendant, the Security Insurance Company, issued its policy of insurance covering said vessel, insuring the said Frost, in consideration of $250 premium paid by him, in the sum of $5,000, with a provision therein : "*loss, if any, payable to Frank J. Baltis and S. A. Dobin to am't of their interest.*" Thereafter, and about the 28th of September, 1870, the steam tug was lost and destroyed, and proper proofs were made and delivered to the insurance company, establishing the loss. The evidence in this case shows the loss to have been to an amount exceeding the said $5,000 ; and the insurance company is liable to pay, by reason of said loss, the sum of $5,000 and interest. No question is made as to the validity of each of the mortgages, and the proof establishes the liability of the insurance company to pay said $5,000 and interest.

*S. A. Webb*, for the plaintiff.

*W. A. Poucher*, for the defendant Dobin.

HARDIN, J. Upon the trial of this action, no reason was offered by the insurance company against a recovery of the $5,000 and interest, according to the terms of the policy issued by it; and no question arose as to the rights of the defendant Frost, it being conceded that the mortgagees are entitled to recover the amount of their respective mortgages, and to be paid the sums due thereon prior to the right of the defendant Frost. It is clear that, as between the mortgagees and Frost, the former are entitled to have their mortgages paid out of the insurance moneys before Frost is entitled to any portion thereof, and no question is made in respect thereto by any of the parties to this action.

The chief question made upon the trial was as to rights of the respective mortgagees.

Frost, at the time of the execution of the policy of insurance, and at the time of the happening of the loss, had an insurable interest in the vessel, and therefore effected and held a valid policy, upon which the insurer was liable. (*Carpenter* v. *The Providence Ins. Co.*, 16 *Peters*, 496. *Tallman* v. *The Atlantic Ins. Co.*, 29 *How. Pr.*, 71.)

This is important, since it has been settled that unless Frost is entitled to recover, the plaintiff and Dobin would not be; it is the damage sustained by the party insured and not by the party appointed to receive payment that is recoverable from the insurers. (*Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 *N. Y.*, 391. 19 *id.*, 179. *Macomber* v. *Cambridge Mu. Fire Ins. Co.*, 8 *Cush.*, 133.)

Frost was the party insured; he has sustained the loss, and to the extent of that loss, within the limits of his policy, he is entitled to be compensated in damages payable by the insurance company.

The contract of insurance being one of indemnity, the insurer undertakes to save the assured against damages by reason of the loss of the property covered by the policy.

But as between Frost and the insurance company, by the terms of the policy, the plaintiff and the defendant Dobin are the appointees to receive the loss, and they are the real parties in interest, and to the extent of their mortgage debts, would be entitled to maintain an action against the insurer. (*Flanders on Insurance, p.* 588. 45 *Barb.,* 384. 29 *id.,* 552. 29 *Maine,* 337. 3 *Keyes,* 416 ; *S. C.,* 5 *Abb., N.S.,* 201.)

The insurer, by issuing a policy to Frost with a provision that the loss, if any, was payable to the mortgagees, made it a part of its contract that the funds arising upon a loss should be held by it in trust for the mortgagees ; or, in other words, it was a part of the contract that the same should be paid to the mortgagees. (*See opinion of Bosworth, J.,* 5 *Duer,* 537.)

Although this last case was reversed in 17 *N. Y.,* (*supra*), it was not reversed upon this point. Nor could Frost have maintained an action on the policy in this case, in his name alone, without alleging and proving that the mortgages to Baltis and Dobin had been fully paid, and that they had ceased to have any interest in the policy. (*Ennis* v. *Harmony Ins. Co.,* 3 *Bos.,* 516.)

And in 17 *N. Y.,* 395, Judge HARRIS took occasion to say "that there is no just ground for discrimination between this case and that of an assignment of the policy to a mortgagee, to be held by him as collateral security for his debt with the consent of the insurer." The terms agreed upon in the policy of the defendant, the Security Insurance Company, provide for the payment of the loss to Baltis and Dobin, who are to receive the money as the appointees or assignees of Frost. It was the vessel that was insured, the interest therein of the defendant Frost, and not the mortgage interest held by

either the plaintiff or the defendant Dobin. (*Bidwell* v. *North Western Ins. Co.*, 19 *N. Y.*, 182, 3.)

When the policy was made which is the basis of the recovery in this action, the party insured was in possession of the vessel, and held her expressly subject to the Baltis and the Dobin mortgages, and he was resting under a covenant in respect to those mortgages to the effect that he would pay them. They were liens upon his property, and he was alike responsible by his personal covenant to pay them ; as between him and Murphy, he was the principal debtor, and Murphy was surety, liable to be called upon to pay after the lien had been exhausted, and the responsibility of Frost. In respect to both mortgages, Frost was the owner of the equity of redemption, and as such owner effected the insurance.

That equity of redemption, the vessel itself, was insured at the instance of Frost, he paying the premium therefor, and, as before shown, appointing the persons to receive the payment thereof from the insurance company in case a loss should, as it did, happen.

It is difficult to see why he could not have named the second mortgagee, as his appointee to receive the money in question, and thereby given him the sole and absolute right to receive the same and apply it to the payment of his mortgage at least to the extent thereof; but instead thereof, he chose to name both as the appointees, or assignees of the insurance money.

That act of appointment or assignment is clear and distinct, and leaves no room to doubt what was his intention in respect thereto, evincing a clear purpose to appropriate any moneys that should become due and payable upon the policy to both mortgagees.

The rights of the respective parties were fixed by the terms of the policy — assented to by the insurer, the assured and the appointees. There is some evidence that the terms of the policy were known to Baltis and acqui-

esced in by him long before any loss happened, no objection having been taken thereto.

The plaintiff has urged his right to recover in this case upon the doctrine of an equitable assignment, and the cases in 39 *Barb.*, 227, and 44 *N. Y.*, 42, are relied upon as supporting such right; and it may be observed that the defendant Dobin stands like the plaintiff in respect to the provisions in the mortgages, as the covenants of Murphy to insure and keep insured are found in each, and the covenants of Frost to pay both mortgages are found in the bill of sale which he took when he became the purchaser of the property subject to the mortgages respectively.

The rights of the parties attached and became vested at the time the policy was issued, and delivered to Frost, each motgagee being entitled to receive out of the insurance moneys made payable by the policy a sum sufficient to retire the respective mortgage debts. That right was assented to by all the parties to the contract. Suppose Frost had executed a mortgage on another vessel to both the mortgagees and delivered it to them, or had obtained a policy of insurance on another vessel and stipulated that in case of loss the same should be payable to the mortgagees named in the two mortgages held by Baltis and Dobin and delivered them as further collateral security; would it be doubted that they would, as such holders or appointees, take the avails thereof ratably?

So in this case the defendant, the insurance company, was liable to pay any loss that might happen, as soon as the policy was delivered to the mortgagees, ratably, and that liability has ripened by the happening of the loss into a debt due the mortgagees respectively. (3 *Paige*, 516.)

The judgment to be entered in this case will provide for payment of said $5,000 (and the interest to the day of entering the judgment) to the mortgagees ratably,

and the balance of said $5,000 and interest, after payment of the said mortgage debts, to the defendant Frost.

The defendant Dobin has only claimed a ratable share of said loss, and hence no other question has arisen in respect to his share in the loss recoverable. And the judgment will provide that in case the said $5,000 and interest shall not be paid in full by the insurance company, then the loss if any will fall upon the mortgagees ratably.

The judgment may provide for recovery by plaintiff of taxable costs (exclusive of trial fee) of the insurance company ; and in case they are not collected in full then with trial fee, the costs of plaintiff payable out of the $5,000 and interest, and Dobin's taxable costs, will be payable out of said fund. No other costs allowable to any of the parties.

Judgment accordingly.

[ONONDAGA SPECIAL TERM, December 7, 1874. *Hardin,* Justice.]