HENRY W. WINNE et al., Respondents, *v.* THE NIAGARA FIRE INSURANCE COMPANY, Appellant.

Where a letter of instructions from a principal to his agent is equivocal, and fairly susceptible of different interpretations, and the agent in fact is misled, and adopts and follows one while his principal intended another, the latter is bound and the agent exonerated.

Where by a policy of insurance issued to the owner of mortgaged property, the loss, if any, is made payable to the mortgagee to the extent of his mortgage interest, the owner and the mortgagee may properly be joined as plaintiffs in an action upon the policy.

In an action upon an alleged contract of insurance it appeared that F., a general agent of the defendant, authorized to bind the company by his contracts in the first instance, had insured a building on property belonging to plaintiff H. W. W., for several years to the amount of $2,000, the policies being each for one year. The last policy expired July 1, 1876. Defendant, in accordance with its usual custom, sent to F., in June preceding, a paper called an "expiration sheet," showing the policies expiring in July ; opposite the policy in question was written the word "drop." Thereupon F. agreed to reinsure the building for $1,000. A policy was written by F. who directed it to be reported to defendant and it was entered by his clerk in the register of completed contracts, but before delivery the building was burned. F. had been accustomed to give the insured credit for premiums and to hold the policies until called for. *Held,* that the circumstances authorized an inference that the parties intended the new policy to be for the same time and at the same rate of premium as the policy which had just expired, the two differing only in amount ; that, therefore, a finding that the minds of the parties met and a completed contract of insurance was entered into was justified ; also, that the word "drop" was not an absolute prohibition against any insurance, but authorized the construction put upon it by F., that the risk was to be reduced.

(Argued December 13, 1882; decided January 23, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 23, 1881, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was upon an alleged contract of insurance.

For some years previous to July 1, 1876, defendant had insured a hotel known as the "Eagle Hotel," belonging to plaintiff, Henry W. Winne, upon which was a mortgage executed by him to his co-plaintiff, Benjamin J. Winne. The policies were each for one year and for $2,000 ; the last one expired at the date above mentioned. The policies were issued by one Fredenburgh, a general agent of the defendant, who was intrusted with blank forms of policies executed by defendant's officers, and was authorized to make contracts of insurance, the

company reserving the right to cancel and terminate the risk. In June, 1876, defendant, in accordance with its usual custom each month, sent to Fredenburgh a paper called an "expiration sheet" containing the policies issued by him which expired in July. Opposite the entry of plaintiff's policy thereon was written the, word "drop." Shortly after July 1, 1876, Fredenburgh told plaintiff that he had received a letter from defendant to the effect that it would not carry as large an amount as $2,000, and, as he testified, showed to them the word "drop" on the expiration sheet. It was thereafter agreed that defendant would reinsure for $1,000 and Fredenburgh agreed to issue a policy. A policy was filled out by his clerk under his directions for that amount, which was entered in the register of policies issued, and report thereof was made to defendant. Fredenburgh had been accustomed to give Winne (the owner) credit for insurance and to hold the policies until called for. The next day after such agreement was made the hotel was destroyed by fire.

*John J. Linson* for appellant. There was never any contract completed between the parties. (*Bentley* v. *Columbia Ins. Co.,* 17 N. Y. 421; Wood on Fire Ins. 15, 16–23; May on Ins. 52–57; *Wood* v. *Poughkeepsie Mut. Ins. Co.,* 32 N. Y. 619; *Trustees of First Bap. Church of B'klyn* v. *B'klyn F. Ins. Co.,* 19 id. 305; 28 id. 153; *Tyler* v. *N. A. F. Ins. Co.,* 4 Rob. 451; *De Grove* v. *Met. Ins. Co.,* 61 N. Y. 602; *Strohn* v. *H. Ins. Co.,* 37 Wis. 625; *Sargent* v. *Nat. F. Ins. Co.,* 86 N. Y. 626; *Gardner* v. *Ham. Ins. Co.,* 33 id. 421; *Hughes* v. *Merc. Ins. Co.,* 55 id. 265; *Sandford* v. *Trust F. Ins. Co.,* 11 Paige, 547; *Chase* v. *Ham. Ins. Co.,* 20 N. Y. 52; *Meade* v. *Westchester Ins. Co.,* 3 Hun, 608; *Mackey* v. *Mut. Ben. L. Ins. Co.,* 103 Mass. 78; *Orient Ins. Co.* v. *Wright,* 23 How. [U. S.] 401; *Ocean Ins. Co.* v. *Carrington,* 3 Conn. 357; *Rogers* v. *Charter Oak L. Ins. Co.,* 41 id. 97; *Lindauer* v. *Del. Mut. Safety Ins. Co.,* 13 Ark. 461; *Cotton States L. Ins. Co.* v. *Scurry,* 50 Ga. 48; *Winneshiek Ins. Co.* v. *Holzgrafe,* 53 Ill. 516; *Wallingford* v. *Home Ins. Co.,* 30

Mo. 46; *Croghan* v. *N. Y. Underwriters' Agency*, 53 Ga. 109; *Christie* v. *North British Ins. Co.*, 3 C. C. S. 360; *Train* v. *Holland Purchase Ins. Co.*, 62 N. Y. 598; *Ellis* v. *Albany City Ins. Co.*, 50 id. 402; *Angell* v. *Hartf. Ins. Co.*; 59 id. 171; *Audubon* v. *Excelsior Ins. Co.*, 27 id. 216.) Even if the verbal agreement had been complete Fredenburgh could not have bound the defendant under the circumstances of this case. (*Johnson* v. *Jones*, 4 Barb. 373; *Stainer* v. *Lysen*, 3 Hill, 279; *Banorgee* v. *Hovey*, 5 Mass. 26, 27; *Sanford* v. *Handy*, 23 Wend. 260; *Bank* v. *Aymar*, 3 Hill, 262; Dunlap's Paley on Agency, 200; Ewell's Evans on Agency, 102; *Ins. Co.* v. *Willkinson*, 13 Wall. 22; *U. S.* v. *Williams*, 1 Ware, 181; *Mech. B'k* v. *N. Y. & N. H. R. R. Co.*, 3 Kern. 599; *Pole* v. *Leask*, 9 Jur. [N. S.] 829; *Vail* v. *Judson*, 4 E. D. Smith, 165; *Walsh* v. *Hartf. F. Ins. Co.*, 73 N. Y. 5; *Clark* v. *Met. B'k*, 3 Duer, 248; Story on Agency, § 127; *Howard* v. *Braithwaite*, 1 Ves. & B. 209; *Stainer* v. *Tysen*, 3 Hill, 279; *Barnard* v. *Wheeler*, 24 Me. 279; *Marvin* v. *Un. L. Ins. Co.*, 85 N. Y. 278; *Alexander* v. *Caldwell*, 83 id. 480.) There was sufficient notice to put a third person upon inquiry. (*Williamson* v. *Brown*, 15 N. Y. 364; *Whitehead* v. *Bonhevir*, 1 You. & Coll. Exch. 303; *How. Ins Co.* v. *Halsey*, 4 Sandf. 577; *Baker* v. *Bliss*, 39 N. Y. 74; Wade on Notice, 292; *Reed* v. *Gannon*, 50 N. Y. 345.) It is no excuse for the plaintiffs if, as they contend, they did not carefully examine the notice in question. (*Upton* v. *Tribilcock*, 91 U. S. 50; *Hill* v. *S. B. & N. Y. Ry.*, 73 N. Y. 361; *Germania Ins. Co.* v. *M. & C. Ry.*, 72 id. 90; *Gallup* v. *Dederer*, 3 T. & C. 710.) If Fredenburgh not only informed the plaintiff of the existence of a limitation on his powers, but also misstated the extent of the limitation, the defendant is not bound by such misstatement. (*Mech's' B'k* v. *N. Y. & N. H. R. R. Co.*, 3 Kern. 632; *Stringham* v. *St. Nicholas Ins. Co.*, 3 Keyes, 280; 4 Abb. Ct. App. Dec. 315; *Gould* v. *Town of Sterling*, 23 N. Y. 463; *Howard* v. *Norton*, 65 Barb. 161.) There is a misjoinder of parties plaintiff. (*Mann* v. *Herkimer Ins. Co.*, 4 Hill, 187; *Howard* v. *Albany*

*Ins. Co.*, 3 Denio, 305 ; *Murdock* v. *Chenango Co. Mut. Ins. Co.*, 2 N. Y. 210 ; *Jones* v. *Felch*, 3 Bosw. 63 ; *Emory* v. *Erskine*, 66 Barb. 9 ; *Boyton* v. *C. & E. M. Ins. Co.*, 16 id. 254.)    A mortgagee may maintain the action alone. (*Petney* v. *G. F. Ins. Co.*, 65 N. Y. 6 ; *Frink* v. *Hampden Ins. Co.*, 1 Abb. [N. S.] 343 ; *Grosvenor* v. *Atlantic Ins. Co.*, 17 N. Y. 391 ; *Ripley* v. *Astor Ins. Co.*, 17 How. Pr. 444 ; *Dakin* v. *L. L. & G. Ins. Co.*, 77 N. Y. 600.)

*J. Newton Fiero* for respondents.    Fredenburgh, the general agent of the defendant, did in fact insure the hotel property in the defendant for $1,000. (*Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 216.)    It was within the business and scope of his general agency to contract for and issue policies of insurance binding on defendant, and persons dealing with him had a right to accept and act upon his own interpretation of private and ambiguous instructions from his principal even if communicated to them. (*North River B'k* v. *Aymar*, 3 Hill, 266.)    The statements of the agent are part of the *res gestæ* and as such binding on the principal. (*President, etc.*, v. *Cornen*, 37 N. Y. 322 ; *N. Y. & N. H. Co.* v. *Schuyler*, 30 id. 30 ; *Merchs.' B'k* v. *Griswold*, 72 id. 478 ; *Gould* v. *Town of Sterling*, 23 id. 463 ; *Hern* v. *Nichols*, 1 Salk. 289 ; *Albany S'vgs Inst.* v. *Burdick*, 87 N. Y. 46 ; *Bank* v. *Aymar*, 3 Hill, 272 ; *Claflin* v. *Lenheim*, 66 N. Y. 301.)    The instructions being ambiguous, the plaintiff had a right to accept the interpretation placed on them by Fredenburgh as an expert in the business of insurance, and defendant is bound by the rule that a promise is to be taken most strongly against a promisor. (*Barlow* v. *Scott*, 24 N. Y. 40 ; *Hoffman* v. *Ætna Ins. Co.*, 32 id. 413 ; *White* v. *Hoyt*, 71 id. 505 ; *Herrman* v. *Merch. Ins. Co.*, 81 id. 188 ; *Chicago* v. *Sheldon*, 9 Wall. 50 ; 1 Wait's Actions and Defenses, 228 ; Story on Agency, §§ 74, 75, 82.) The construction of the word " drop," as to whether it was a direction not to insure for so large an amount or not to insure at all, was properly submitted to the jury. (Story on Agency, § 75 ; *McMorris* v. *Simpson*, 21 Wend. 610 ; *Gardner* v.

*Clark*, 35 Barb. 551; *Harris* v. *N. R. R. Co.*, 20 N. Y. 239;
*Martin* v. *Cope*, 23 id. 183; *Pitney* v. *Glens Falls Ins. Co.*,
65 id. 17; *White* v. *Hoyt*, 73 id. 505.) The plaintiffs were
properly joined in this action. (Code, §§ 446, 448; *Boynton*
v. *Clinton and Essex*, 16 Barb. 254; *Ennis* v. *Hanover Ins.
Co.*, 3 Bosw. 576; *Lasher* v. *N. W. Ins. Co.*, 18 Hun, 101.)

ANDREWS, Ch. J.  The jury found that there was an uncon-
ditional agreement on the part of Fredenburgh, to reinsure to
the amount of $1,000, and the claim of the defendant that
there was no completed contract of insurance, rests upon
the fact that the rate of premium and the duration of the
risk, were not specified when the agreement was made.
There can be no doubt that these are essential elements of a
contract of insurance, and if there was no meeting of minds
of the parties upon these particulars, the contract of in-
surance was not consummated, and the matter stood as a
mere negotiation, incomplete, and imposing no obligation
upon either party.  The claim that there was no *consensus*
of the parties upon these points, rests upon the fact that
no words passed between them in respect to the time or rate
of insurance, when the alleged contract was made.  But this
was unnecessary, provided the jury were authorized from the
circumstances of the transaction, to infer that the parties in-
tended that the new policy should be issued for the same time,
and at the same rate of premium as the policy which had just
expired.  There was an express agreement as to the subject-
matter of the insurance, the parties, the risk and the amount.
The negotiation referred to a new insurance for $1,000 on the
same building insured by the previous policy, and in the same
company.  In the absence of negative words, it is a reasonable
inference that the parties also understood that the new insur-
ance was to be for the same time and at the same rate of pre-
mium as the prior one, differing only in amount.  The policy
prepared by the agent after the negotiation for the new policy,
specified the same rate of premium as the prior one, and was
for the usual time of one year.  We think the jury were au-

thorized to find that the minds of the parties met as to all the essential terms of the contract, and that there was a completed contract of insurance between Fredenburgh and the plaintiff Henry W. Winne.

The remaining question on the merits, arises upon the defendant's claim that Fredenburgh had no authority to insure the Eagle Hotel property, and that this was known to Winne when the alleged contract was made. It is admitted that Fredenburgh was the general agent of the defendant at Kingston, at the time of the transaction. He was intrusted with blank forms of policies of the defendant, signed by its officers, and was authorized to bind the company by his contracts in the first instance, the company reserving the right to cancel policies issued by him, and terminate the risk. Under this general authority, Fredenburgh had insured the Eagle Hotel property in the defendant's company for several years, to the amount of $2,000, the last policy for that amount expiring July 1, 1876. The alleged limitation of his authority to insure the Eagle Hotel property, is contained in a paper called an "expiration sheet," sent by the company to Fredenburgh, according to its usual custom, showing the policies which would expire during the month ensuing that in which it was sent, and containing notations opposite each risk. The particular sheet now in question, was sent in June, 1876, and contained a list of seven policies, issued at his agency, which would expire in July. Opposite the policy on the Eagle Hotel property was the word "drop," and opposite the others the word "renew." Whether this expiration sheet was seen by Winne before he made the agreement with Fredenburgh for the policy now in question, was a subject of controversy on the trial. But assuming that it was exhibited to and read by Winne before that time, so that he is chargeable with notice of its contents, we are nevertheless of opinion that the language used was not equivalent to an absolute instruction to Fredenburgh not to insure the Eagle Hotel property for any amount, and that an insurance of the property by him for a smaller sum, was not prohibited.

The evidence tends to show, and the jury have found that the agent so interpreted the instruction. The prior policy was in fact dropped. The risk was reduced in amount. The agent prepared the new policy, directed it to be reported to the company, and it was entered by the clerk in the register of completed contracts. The word "drop" in the expiration sheet, to say the least, was ambiguous and equivocal, and the principle applies that a letter of instruction from a principal to an agent, should be expressed in clear language, and that if not expressed in "plain and unequivocal terms, but the language is fairly susceptible of different interpretations, and the agent in fact is misled and adopts and follows one, while the principal intended another, then the principal will be bound, and the agent will be exonerated." (Story on Agency, § 74. See, also, *Herrman* v. *Merchants' Ins. Co.*, 81 N. Y. 188; 37 Am. Rep. 488.) In the absence of special limitation, the authority of Fredenburgh to make the contract in question is unquestionable. The limitation proved, simply prohibited the renewal of the existing risk, or an equivalent insurance. Winne had a right to put this interpretation upon the instruction. If the company intended to decline any insurance on the property, it should have said so. It cannot in justice defeat the contract in question by putting an interpretation upon its instructions, at variance with that of its agent and Winne, and of which the language was clearly capable.

The remaining question is whether a joint action lies in favor of the plaintiffs. The plaintiff Henry W Winne was the owner of the property insured, and the plaintiff Benjamin J. Winne was mortgagee. The policy contains the clause, "loss, if any, payable to Benj. J. Winne, to the extent of his mortgage interest therein." We think a joint action is proper. The plaintiffs have a common interest in enforcing the contract. The plaintiff Henry W. Winne has no adverse interest to that of his co-plaintiff. The fund is applicable, first upon the mortgage debt, and when that is paid, the balance belongs to the mortgagor. It is we think quite appropriate, and in accord with the flexible rule of procedure now applied in courts

of justice, to allow persons situated as are the plaintiffs, to unite in maintaining the action, and the practice is sanctioned by the language of the Code, and of adjudged cases. (Code, § 466; *Boynton* v. *Clinton, etc., Ins. Co.*, 16 Barb. 254; *Ennis* v. *Harmony F. Ins. Co.*, 3 Bosw. 516; *Lasher* v. *North Western Ins. Co.*, 18 Hun, 101.)

We find no error in the record, and the judgment should therefore be affirmed.

All concur.

Judgment affirmed.