AUSTIN B. HATHAWAY, Respondent, *v.* ORIENT INSURANCE COMPANY, Appellant.

Where a claim arises in favor of A. and B. against C. out of a contract between the three, by the terms of which A. has the prior and B. the subsequent right, C. and B. cannot, without the consent of A., effect an accord and satisfaction which will cut off the right of A.

Plaintiff held a mortgage upon certain real estate which contained a covenant on the part of the mortgagor to keep the buildings insured for the benefit of its holder. Pursuant to this covenant, the owner of the fee procured from defendant a policy of insurance on the buildings, by the terms of which any loss was made payable to plaintiff, "as his mortgage interest may appear." A loss having occurred, a settlement was made between the owner and defendant, without the knowledge or consent of plaintiff. In an action upon the policy, *held*, that the settlement was not a bar to a recovery.

*Traders' Ins. Co.* v. *Roberts* (9 Wend. 404); *Tillou* v. *Kingston Mut. Ins. Co.* (5 N. Y. 405); *Grosvenor* v. *Atlantic F. Ins. Co.* (17 id. 391); *Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.* (Id. 401), distinguished.

(Argued June 8, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 23, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff, as assignee of a mortgage, which contained a covenant that the buildings upon the mortgaged property should be kept insured against damage by fire for the benefit of the holder of the mortgage, to recover his interest in a policy for $1,900 issued thereon by defendant,

$1,200 of which was on the buildings destroyed and their contents, and $700 on machinery in the building, which plaintiff claimed was attached to and formed part of the realty. In said policy the loss, if any, was made payable to plaintiff " as his mortgage interest may appear." The property insured was destroyed by fire, and subsequently the owner and defendant, without plaintiff's knowledge or consent, estimated the loss upon the buildings, including machinery and personal property, at $1,200, $700 of which was paid to the owner and $500 sent to plaintiff, who refused to accept it, and brought this action to recover the amount of his interest in the property destroyed, which he alleged to be $1,574.70.

Further facts are stated in the opinion.

*Richard Crowley* for appellant.

*S. E. Filkins* for respondent.

FOLLETT, Ch. J. The mortgage held by the plaintiff contained a covenant that the buildings should be kept insured against damage by fire for the benefit of its holder. Pursuant to this covenant Breckon, the owner of the fee, procured the policy on which the action was brought, by the terms of which the defendant " does insure T. W. Breckon." * * * " Loss, if any, payable to A. B. Hathaway, as his mortgage interest may appear." The owner of the fee and the mortgagee each had an insurable interest in the property which could have been protected by separate policies, or by a single one as they and the insurer might agree. The policy describes Breckon as the owner and Hathaway as mortgagee, and provides that in case of loss the damages shall be " payable to Hathaway as his mortgage interest may appear."

It is said that Hathaway is the appointee of Breckon. He is, but he is not a mere appointee of Breckon, and without a vested interest in the policy. He acquired his right to recover the damages, not solely by the appointment of Breckon, but by the policy, a contract entered into between the insurer, the

owner of the fee and the mortgagee.    Had this policy provided
that in case of loss the damage should be paid to a person
having no interest in the insured property, such person would
have been a naked appointee, the same as though the damages
had been directed to be paid to a bank or to any collecting agent,
and the owner could have settled the loss and released the
insurer on his own terms.    It may be that the same rule
would have been applicable, as between the insurer and the
appointee, had the loss been payable "to A. B. Hathaway,"
having an insurable interest, which was neither known to nor
described by the insurer in its policy.    The rights of an
appointee, an agent, or the trustee of an express trust, who
has no interest in a contract which he may enforce, are quite
different from those of a person having a vested legal interest
in a contract created by the concurrent action of all the parties
to it.

The questions decided in *Traders' Ins. Co.* v. *Roberts* (9
Wend. 404); *Tillou* v. *Kingston Mutual Ins. Co.* (5 N. Y.
405); *Grosvenor* v. *Atlantic Fire Ins. Co.* (17 id. 391), and
*Buffalo Steam Engine Works* v. *Sun Mutual Ins. Co.* (Id.
401), are not involved in the case at bar, and it is unnecessary
to attempt to harmonize those and kindred decisions.    In the
cases cited the owners of property insured it in their own
names, the loss, if any, payable to mortgagees, or the insurance
was assigned, with the assent of the insurer to the mortgagees
for their security, and before a loss occurred, and while the
contract of insurance was in part executory, the owner increased
the risk or did a prohibited act, or omitted to perform some
act required by the policy.    The question in these cases was
whether the violation of the contract by the owner was a
defense to an action by or for the benefit of the mortgagee.
No such question is involved in the case at bar.    The liability
of the insurer is admitted, and the question here is whether
the owner of the property and the insurer may, without the
concurrence of the mortgagee, effect an accord and satisfac-
tion without the assent of the latter.    It is a general rule that
where a demand is owned by several by such an unity of

interest that all must be joined as parties in a strictly personal action for its recovery, that a release of the ·claim by one of the owners is as effectual as the release of all. (*Austin* v. *Hall*, 13 Johns. 286; *Decker* v. *Livingston*, 15 id. 478; *Osborn* v. *Martha's Vineyard, etc.*, 140 Mass. 549.) But this rule has its exceptions. (*Gock* v. *Keneda*, 29 Barb. 120; *Upjohn* v. *Ewing*, 2 Ohio State 13; 1 A. & E. Ency. 106.)

Breckon the owner was not a necessary party plaintiff to an action for the recovery of the amount due from the defendant, for the whole amount was recoverable by an action brought by the mortgagee individually (*Dakin* v. *Liverpool, London & Globe Ins. Co.*, 77 N. Y. 600), though a joint action by the owner and the mortgagee could have been maintained. (*Winne* v. *Niagara Fire Ins. Co.*, 91 N. Y. 185.)

In case a claim arises in favor of A. and B., against C., out of a contract entered into by the three, to which claim by the contract A. has the prior and B. the subsequent right, C. & B. cannot without the consent of A., effect an accord and satisfaction which will cut off the right of A. (*Ennis* v. *Harmony Fire Ins. Co.*, 3 Bosw. 516; *Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42; *Reid* v. *McCrum*, 91 id. 412; *Baltis* v. *Dobin*, 67 Barb. 507.)

· In *Cromwell's* case a house and lot had been sold under an executory contract by which the vendee covenanted to insure the house for the vendor's benefit. The vendee went into possession and insured the house under a policy payable to the vendor in case of loss. On the expiration of this policy the vendee took out a new one payable to himself, and during its life the house was burned. · The vendor had assigned his interest in the contract, and the assignee, Cromwell, the plaintiff in the action, notified the insurer of his rights under the contract, demanded payment of the loss and forbade its payment to the vendee. The insurer disregarded the demand and notice, paid the amount due under the policy to the vendee. In an action brought by Cromwell, the assignee of the vendor, it was held that he was entitled to recover, notwithstanding the accord and satisfaction between the insured and the vendee.

The principle upon which this decision rests is that the vendee and insurer could not effect an accord and satisfaction which would bar an action by one having a prior equitable right to the money due under the contract. *Reid* v. *McCrum* (*supra*), is, in its facts, a stronger authority in support of the judgment in the case at bar. In that case the owner of realty mortgaged it covenanting to keep the buildings insured and the policy assigned to the mortgagee. Afterwards Hugh McCrum acquired the title to the property subject to the mortgage and obtained policies of insurance on the buildings, which were indorsed by the insurers: " Loss, if any, payable to John Reid, Mortgagee." Subsequently McCrum, procured the insurers to cancel the indorsement and to write on the policies: " The mortgagee's interest having ceased, the loss if any. is now payable to Hugh McCrum as owner."

The mortgagee's interest had not terminated and he had no knowledge of the change. After this the buildings were destroyed by fire and the mortgagee began an action to foreclose his security, making McCrum and the insurers parties defendant, asking that McCrum be compelled to assign the insurance and the insurers required to pay the loss to the plaintiff. It was held that the policies could not be legally changed without the assent of the mortgagee, and that he was entitled to recover the loss from the insurers.

Upon principle and authority it seems to be clear that ₒne defendant in this case had no authority to agree with the owner as to the amount of the damages, and determine as between him and the mortgagee what sum was payable to each, and the accord and satisfaction entered into between the insurer and the owner is not a bar to a recovery by the mortgagee of his damages.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.