(25 Misc. Rep. 325.)

BENEDICT et al. v. ROCKWELL.

(City Court of New York, General Term.   November 18, 1898.)

AGENCY—EVIDENCE.

    Letters from plaintiffs to defendant, inclosing a bill for premiums on insurance, which they state they have advanced to the companies on the authority of K., signing as agent of defendant, the last of which calls on him to state so plainly and immediately, if he claims K. acted without authority, together with the replies, none of which contains a disaffirmance or repudiation, but the first of which says, "I will see K. in a week or so about this matter," another of which shows that he has seen K. in the meantime, and acquainted himself with the facts, if he was not already familiar with them, and the last of which says, "I shall be in N. Y. probably not later than the middle of next week, and will either call or communicate with you after seeing K.," are evidence of original authority.

Appeal from trial term.

Action by Silyee Benedict and others against William Rockwell. From judgment dismissing the complaint after a trial, plaintiffs appeal.   Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

George Richards, for appellants.

H. N. Selvage, for respondent.

O'DWYER, J.   This appeal presents for our determination the question of ratification by the defendant of the act of Mr. Kaldenberg. The law applicable to the ratification of unauthorized acts of agents and of strangers is clearly set forth in the case of Merritt v. Bissell, 155 N. Y. 396, 50 N. E. 280:

    "A ratification of the unauthorized act of an agent, or of a stranger who claims to act as such, if it exists, must be found in the intention of the principal, either express or implied.   If that intention cannot be shown, no ratification can be held to have been established.   While it is the duty of a principal to disavow the unauthorized act of his agent within a reasonable time after it comes to his knowledge, or otherwise, in some cases, he makes the act his own, still, where one who has assumed to act as an agent for another has no authority to do so, but is a mere volunteer, a failure to disavow his acts will not amount to a ratification, unless under such circumstances as indicate an intention to do so."

On April 1, 1895, the plaintiffs sent the defendant a copy of their account against him, saying to him, among other things:   "We inclose a bill for premiums amounting to $131.20, which we advanced to the companies on the authority of Mr. F. J. Kaldenberg, under date of January 2, which he signed as agent for yourself."   On the next day the defendant replies:   "Your letter of the first instant received, with inclosures.   I will see Mr. Kaldenberg within a week or so about this matter,"—no disaffirmance whatever, but a very proper letter, if the principal desired, before making payment, to confer with his agent, who was managing the details.   No authority is given to the plaintiffs to cancel the insurance.   On the other hand, they are persuaded to wait "a week or so."   If meanwhile the property had been

destroyed, the assured, Rockwell, and mortgagee, jointly, or, if the mortgage had been paid, then Rockwell alone, could have collected on these policies the loss to the extent of $9,000. Winne v. Insurance Co., 91 N. Y. 185. The plaintiffs waited for 10 days, and then wrote to the defendant again. The defendant's reply was admittedly written by him, and received by the plaintiffs. It admittedly appertains to this very insurance, but the court excluded it for the reason that it did not contain an express promise to pay the plaintiffs for the premiums. It is, however, a most important letter. It showed upon its face that the defendant had meanwhile seen Kaldenberg, and had taken the opportunity to acquaint himself with the facts of the case, if, indeed, he was not already perfectly familiar with them. It contains no disaffirmance whatsoever. It contains no authority to the plaintiffs to cancel. It contains no notice that the defendant refused to pay. On May 3, 1895, the plaintiffs again sent to the defendant a most explicit letter, receipt of which by the defendant has been established. In this letter the plaintiffs sent a full copy of the original order signed by Kaldenberg as agent, and also called defendant's attention to Kaldenberg's representation that defendant was the owner of the premises. This reply also, though written early in the life of the insurance contract, contained no repudiation, and no authority to cancel, and was consistent with the notion that Rockwell was an absent principal, who left the details of this matter with Kaldenberg, his agent. He said: "Yours is the only bill that has been sent to me by any of the parties doing business with Mr. Kaldenberg since his company failed." He says at the end of the letter: "I will send him your letter to-day, and ask him to attend to the matter at once." The plaintiffs, having met with no success in their efforts to collect the account from the defendant, put this matter in the hands of their attorneys. On May 10, 1895, the attorneys sent to the defendant a very explicit letter, reciting the facts of the case, and calling upon him to say so plainly and without delay, if he claimed that Kaldenberg had acted without his knowledge and authority; but in reply the defendant shows he retained the benefit of the insurance, and carefully omitted to repudiate Kaldenberg's acts in any way. On the contrary, he writes: "I shall be in New York, probably not later than the middle of next week. I will either call or communicate with you, after seeing Mr. K." The letters admitted in evidence and excluded contained no disaffirmance, and amounted to evidence of an original authority, and undoubtedly made a case for the jury. It follows that it was error to strike out the correspondence between the parties, and dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.