LIEBMANN v. DEAN.

(Albany County Court.   April 1, 1916.)

CONTRACTS ⬦65(1)—CONSIDERATION—SUFFICIENCY.

Where defendant by contract in writing had agreed to pay plaintiff and another a fixed sum for laying the brick of a building, a subsequent oral agreement by defendant to pay the consideration to plaintiff alone is unenforceable, as there was no consideration for such agreement, for defendant could not, by payment to plaintiff alone, satisfy the claim of the third person.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 267; Dec. Dig. ⬦65(1).]

Appeal from City Court of Albany.

Action by Harry Liebmann against Charles D. Dean. From a judgment for plaintiff, defendant appeals. Reversed.

Lester W. Bloch, of Albany, for appellant.
William Goldberg, of Albany, for respondent.

ADDINGTON, J. This is an appeal by the defendant from a judgment of the City Court of Albany, in favor of the plaintiff for $144.84. The action is brought by plaintiff to recover a balance due on an alleged contract made between the parties on the 30th day of December, 1913, for laying brick on premises in the city of Albany, at $5.50 per thousand.

As to the making of the alleged contract the plaintiff testified as follows:

"Q. I want you to tell us about the conversation you had with Dean, not the first time you met him, but after you were around on the job? A. I had a conversation with him the next week, when I was working there. He ought to give me my money on Saturday afternoon and he didn't give it to me, he gave it to Mr. Boakes, $28. Then I told Mr. Dean I would not work on the job if he gave the money to Mr. Boakes, because I hired the help and I want him to pay me. I couldn't pay the help. I said: 'I Want you shall make a new agreement; you shall pay me every week, so I shall have enough to pay the men and I have wages for myself.' He shall pay me the money to pay the men and the profit will be when the job is completed. Q. What did he say? A. Mr. Dean said: 'All right; I am satisfied to pay you every week, your men and yourself.' And I said: 'All right, I will go to work.' I told him Mr. Boakes should have nothing to do with it, because Boakes said— Q. Tell the talk you had, between you and Mr. Dean? A. That was the talk, he had to pay me enough to pay the men and myself, and the profit will be left from $5.50 a thousand will pay me when the job is completed, and he was satisfied. Q. What did he say? A. He said: 'All right, I will pay you every week enough to pay the men and your wages, and the profit you will get when the job is completed.' Q. After you had this arrangement you went to work? A. Yes. Q. When did the talk you told us about take place? A. I was working on the job two weeks. Q. What day was it on? A. Saturday afternoon. Q. Where did the conversation take place? A. He started to go down the block, and I went after him and spoke to him down the street. Q. Was anybody present besides you and Mr. Dean? A. Nobody was there. Q. Before this talk took place Dean had given $28 to Boakes? A. Yes. Q. That was the occasion of your speaking to Dean? A. Yes; that's why I spoke to him. Q. Before this time you had worked on the job two weeks? A. Yes."

This conversation is substantially denied by the defendant. It is undisputed that before this conversation as testified to by plaintiff,

the parties to this action and one C. Boakes entered into a written agreement, which was offered and received in evidence, by and under which the plaintiff and Boakes agreed with the defendant to lay brick on the premises in question, including the brick which the plaintiff claims he laid in pursuance of the oral agreement to which he testified as above set forth. The written agreement is as follows:

"Albany, Dec. 22, 1913.

"This subcontract between C. D. Dean and C. Boakes and Harry Liebmann for laying the brickwork on Cor. of Jackson St. and Second Ave., in the city of Albany, N. Y. Work to be done in accordance with plans. Said work to be done in a workmanlike manner, and to include all brickwork on said job. The said C. Boakes and Harry Liebmann to do all the labor of mixing mortar and laying brick, putting up their own scaffolds. For the sum of $5.50 per thousand. The amount of brick to be determined by the number of loads hauled on the job. The work to be done as rapidly as the weather will permit. Payments to be made in accordance with general contract as work progresses and 90 per cent. of work done, balance at completion of job, which will be at the completion of fire walls after roof timbers have been placed.

"[Signed]          C. D. Dean."

It is apparent that the reason the plaintiff assumed to make a new contract with the defendant was because a payment on account of the work done was made by the defendant to Boakes, one of the parties to the written contract, and he (plaintiff) wanted the payments made to him. In view of this written agreement between the parties to this action and Boakes, even assuming that the oral agreement, which plaintiff claims he made with the defendant on the 30th day of December, was actually made, it seems clear under all the authorities that the plaintiff cannot recover in this action, as there was no consideration for this latter agreement, as he was already bound to do the work for which he seeks to recover by the written agreement above set forth.

The leading case on this proposition, and which has been followed, applied, distinguished, and cited in innumerable cases to the present time, is Vanderbilt v. Schreyer, 91 N. Y. 392, which is clearly decisive of this case.

"In case a claim arises in favor of A. and B., against C., out of a contract entered into by the three, to which claim by the contract A. has the prior and B. the subsequent right, C. and B. cannot, without the consent of A., effect an accord and satisfaction which will cut off the right of A." Hathaway v. O. Ins. Co., 134 N. Y. 409, at page 412, 32 N. E. 40, at page 41 (17 L. R. A. 514), and cases cited.

"The plaintiff did that only which he was bound to do, and that which a court of equity would have compelled him to do, and the corporation received only that to which it was legally entitled. The performance of an act which the party is under a legal obligation to perform cannot constitute a consideration for a new contract." Robinson v. Jewett, 116 N. Y. 40, at page 53, 22 N. E. 224, at page 227, and cases cited.

If there is any sum of money due on account of the work performed under the written contract, of course, the rights of the parties can be determined in an action brought on that contract.

For the reasons stated, the judgment of the City Court of Albany, in favor of plaintiff, is reversed, with costs.