HARRY LEIBMAN, Respondent, *v.* CHARLES D. DEAN, Appellant.

(County Court, Albany County, April, 1916.)

Contracts — in writing — when oral agreement without consideration.

> Where plaintiff and another in writing agreed with defendant to do the work of laying brick in the construction of a certain building, an oral agreement subsequently made between plaintiff and defendant to do the same work is without consideration and no recovery can be had thereon.

APPEAL from a judgment of the City Court of Albany, rendered in favor of plaintiff.

Lester W. Bloch, for appellant.

William Goldberg, for respondent.

ADDINGTON, J. This is an appeal by the defendant from a judgment of the City Court of Albany, in favor of the plaintiff, for $144.84.

The action is brought by plaintiff to recover a balance due on an alleged contract made between the parties on the 30th day of December, 1913, for laying brick on premises in the city of Albany at five dollars and fifty cents per 1,000.

As to the making of the alleged contract the plaintiff testified as follows: " Q. I want you to tell us about the conversation you had with Dean, not the first time you met him, but after you were around on the job? A. I had a conversation with him the next week, when I was working there. He ought to give me my money on Saturday afternoon and he didn't give it to me, he gave it to Mr. Boakes, twenty-eight dollars. Then I told Mr. Dean I would not work on the job if he gave the money to Mr. Boakes, because I hired the help

7

and I want him to pay me, I couldn't pay the help. I said 'I want you shall make a new agreement, you shall pay me every week so I shall have enough to pay the men and I have wages for myself.' He shall pay me the money to pay the men and the profit will be when the job is completed. Q. What did he say? A. Mr. Dean said 'All right, I am satisfied to pay you every week, your men and yourself,' and I said 'All right, I will go to work.' I told him Mr. Boakes should have nothing to do with it, because Boakes said—. Q. Tell the talk you had, between you and Mr. Dean? A. That was the talk, he had to pay me enough to pay the men and myself, and the profit will be left from $5.50 a thousand will pay me when the job is completed, and he was satisfied. Q. What did he say? A. He said 'All right, I will pay you every week enough to pay the men and your wages, and the profit you will get when the job is completed.' Q. After you had this arrangement you went to work? A. Yes. Q. When did the talk you told us about take place? A. I was working on the job two weeks. Q. What day was it on? A. Saturday afternoon. Q. Where did the conversation take place? A. He started to go down the block and I went after him and spoke to him down the street. Q. Was anybody present besides you and Mr. Dean? A. Nobody was there. Q. Before this talk took place Dean had given twenty-eight dollars to Boakes? A. Yes. Q. That was the occasion of your speaking to Dean? A. Yes, that's why I spoke to him. Q. Before this time you had worked on the job two weeks? A. Yes."

This conversation is substantially denied by the defendant.

It is undisputed that before this conversation, as testified to by plaintiff, the parties to this action and one C. Boakes entered into a written agreement, which

was offered and received in evidence, by and under which the plaintiff and Boakes agreed with the defendant to lay brick on the premises in question, including the brick which the plaintiff claims he laid in pursuance of the oral agreement to which he testified as above set forth.

The written agreement is as follows:

"Albany, *Dec. 22nd,* 1913.

" This sub-contract between C. D. Dean and C. Boakes & Harry Leibmann for laying the brick work on Cor. of Jackson St. and Second Ave., in the City of Albany, N. Y. Work to be done in accordance with plans. Said work to be done in a workmanlike manner, and to include all brick work on said job.

" The said C. Boakes & Harry Leibmann to do all the labor of mixing mortar and laying brick, putting up their own scaffolds.

" For the sum of $5.50 per thousand.

" The amount of brick to be determined by the number of loads hauled on the job.

" The work to be done as rapidly as the weather will permit. Payments to be made in accordance with general contract as work progresses and 90% of work done, balance at completion of job, which will be at the completion of fire walls after roof timbers have been placed.

" Signed by C. D. Dean."

It is apparent that the reason the plaintiff assumed to make a new contract with the defendant was because a payment on account of the work done was made by the defendant to Boakes, one of the parties to the written contract, and he, plaintiff, wanted the payments made to him.

In view of this written agreement between the parties to this action and Boakes, even assuming that the

oral agreement which plaintiff claims he made with the defendant on the thirtieth day of December was actually made, it seems clear under all the authorities that the plaintiff cannot recover in this action, as there was no consideration for this latter agreement, as he was already bound to do the work for which he seeks to recover, by the written agreement above set forth.

The leading case on this proposition, and which has been followed, applied, distinguished and cited in innumerable cases to the present time, is *Vanderbilt* v. *Schreyer,* 91 N. Y. 392, which is clearly decisive of this case.

" In case a claim arises in favor of A. and B., against C., out of a contract entered into by the three, to which claim by the contract A. has the prior and B. the subsequent right, C. & B. cannot without the consent of A., effect an accord and satisfaction which will cut off the right of A." *Hathaway* v. *O. Ins. Co.,* 134 N. Y. 409, 412, and cases cited.

" The plaintiff did that only which he was bound to do, and that which a court of equity would have compelled him to do, and the corporation received only that to which it was legally entitled. The performance of an act which the party is under a legal obligation to perform cannot constitute a consideration for a new contract." *Robinson* v. *Jewett,* 116 N. Y. 40, 53, and cases cited.

If there is any sum of money due on account of the work performed under the written contract, of course, the rights of the parties can be determined in an action brought on that contract.

For the reasons stated the judgment of the City Court of Albany in favor of plaintiff is reversed, with costs.

Judgment reversed, with costs.