THE TALGE MAHOGANY COMPANY v. YEAGER MANUFACTURING
COMPANY ET AL.

(Filed 15 June, 1932.)

**Principal and Agent C b—Authorization of agent held ambiguous and his action thereon in good faith bound his principal.**

Where the principal instructs his agent by telegram to sit in on a creditors' meeting and "plug for us," the words of the authorization are ambiguous, and where the agent and the debtor, in good faith interpret and act on it as authorization to the agent to execute in the principal's name a compromise agreement with other creditors whereby claims were settled on a percentage basis: *Held,* in the absence of repudiation of the agreement by the principal upon notification thereof, he may not contend that the agent exceeded his authority and that he was not bound by the agreement.

APPEAL by plaintiff from *Moore, J.,* at September Term, 1931, of CATAWBA.

Civil action to recover the sum of $1,922.51 evidenced by two promissory notes given by the defendant to the plaintiff.

On 22 April, 1930, defendant wired plaintiff, a nonresident corporation, as follows: "We desire to have consultation with some of our creditors Friday, 25 April, two p.m. Please wire us immediately whether you can attend this meeting."

On 24 April, plaintiff wired W. O. Carter, its salesman for this territory, as follows: "Yeager calls creditors meeting for tomorrow at two can you arrange to sit in and plug for us."

On 25 April, Carter replied: "Answering will attend Yeager creditors meeting and report."

Pursuant to above authorization, W. O. Carter attended creditors' meeting 25 April, 1930, and executed in the name of his principal, along with the representatives of ten other creditors, a compromise agreement to accept ⅓ in cash or ½ on terms, in full of their claims. This agreement is pleaded in reduction of plaintiff's right to recover on the notes in suit. The case turns on Carter's authority to bind the plaintiff.

The question of Carter's authority to sign the compromise agreement was submitted to the jury, who found in favor of such authority. Judgment was thereupon entered agreeably to the terms of said agreement. Plaintiff appeals, assigning errors.

*Theodore F. Cummings and E. B. Cline for plaintiff.*
*Thomas P. Pruitt and W. A. Self for defendants.*

STACY, C. J. The language of the agent's authorization, "to sit in and plug for us" at creditors' meeting, reasonably lends itself to the interpretation placed upon it in good faith by Carter and the defendant, and the jury was justified in taking the same view of it. 2 C. J., 559. *Cole v. Fibre Co.*, 200 N. C., 484, 157 S. E., 857.

The expression "plug for us," to say the least, is ambiguous and equivocal, and the principle applies that a letter or telegram of instruction from a principal to an agent should be expressed in clear language, and if not expressed in "plain and unequivocal terms, but the language is fairly susceptible of different interpretations, and the agent in fact is misled and adopts and follows one, while the principal intends another, then the principal will be bound, and the agent will be exonerated." Story on Agency, sec. 74; *Winne v. Ins. Co.*, 91 N. Y., 185.

The telegram of authorization did not ask for a report of the meeting. However, a report was made in keeping with the agent's reply, and it is to be presumed that Carter informed the plaintiff. of his execution of the compromise agreement. We have failed to find on the record any specific repudiation of Carter's action in this respect. Gordon J. Talge, a witness for plaintiff, does say that he expressed great surprise on 20 June, 1930, when Yeager informed him of Carter's signature to the agreement and that Carter made no reference to it in his report. It is also in evidence by John H. Talge, witness for plaintiff, that Carter had no authority to compromise plaintiff's claim. But no repudiation seems to have been made. The plaintiff cannot in justice defeat the compromise agreement by putting an interpretation upon its instructions at variance with that of its agent and the defendant, since the language clearly warrants the latters' interpretation. 21 R. C. L., 907.

No error.