## THE SHALER AND HALL QUARRY COMPANY *v.* BLISS *et al.*

The liability, under ch. 40 of 1848, § 12, of a trustee of a manufacturing company, who was in office when default was made in publishing the required annual report, is limited to debts contracted while he remains trustee, and does not include a debt contracted after he ceased to be a trustee, though while the default continued.

THE Hudson River Stone Dressing Company was duly organized as a corporation, under the general manufacturing law of the State of New York, on the 31st day of March, 1853, and the defendants on that day became trustees of the company, and continued to be such trustees until the 18th day of April, 1854, when they ceased to be trustees, and other persons were elected in their places.

After the 18th, and on or about the 19th of April, 1854, the plaintiff, a corporation duly organized under the laws

SMITH.—VOL. XIII. 38

of the State of Connecticut, sold to the Hudson River Stone Dressing Company, a quantity of stone, of the value of $2,042.15, and received the acceptances of said company therefor, which at maturity were dishonored.

The Hudson River Stone Dressing Company did not, within twenty days from the 1st of January, 1854, make the report required by the 12th section of the act under which the company was organized, nor was such report made until July 31, 1854.

In June, 1858, this action was commenced, the plaintiff claiming that the defendants were liable, under the provisions of the 12th section of the general manufacturing law, for the payment of said dishonored drafts. The defendants denied their liability.

The action was tried at the New York circuit, in June, 1859, before Mr. Justice SUTHERLAND, without a jury, who found the facts as above stated, and decided that the defendants were not liable for the demand.

The judgment entered in favor of the defendants, at the special term, in pursuance of said decision, was affirmed at the general term, and from that affirmance the plaintiff brought the present appeal. The cause was submitted here on printed briefs, by

*H. & C. S. Andrews,* for the appellant.

*C. F. Sanford,* for the respondents.

SELDEN, J. The section of the statute under which a recovery is sought in this action, is in the following words: "Every such company shall annually, within twenty days from the first day of January, make a report which shall be published in some newspaper, published in the town, city or village, or if there be no newspaper published in said town, city or village, then in some newspaper published nearest the place where the business of said company is carried on, which shall state the amount of capital and the proportion actually paid in, and the amount of its existing debts, which report

shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on ; and if any of said companies shall fail so to do, all tl e trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

It is insisted by the plaintiffs' counsel, and doubtless correctly, that the legislature, in adopting this section, had in view that provision of the Constitution of 1846, which declares that "dues from corporations shall be secured by such individual liability of the corporators, *and other means*, as may be prescribed by law." The object of the provision, so far as relates to creditors, or persons dealing with the corporation, appears to have been to give such notoriety to the pecuniary condition of the company, through the publication of its annual statements, as to deprive it of credit, if it should be unworthy of it, and to give to persons to whom it might become indebted while the statement should be withheld, the personal responsibility of the trustees for such indebtedness. · So much of that object as looks to the security of the creditor dealing with the corporation whilst it is in default, is accomplished by giving to the creditor the personal responsibility of those who are trustees when his debt is created. The theory of the statute in this respect, and of the present action, is, that the plaintiff, not finding the statement published which would have enabled him to decide whether the corporation was entitled to credit, entered into the contract in reliance upon the personal responsibility of the trustees. Upon that assumption, its reliance must have been upon the trustees who were such when the debt was created, and not upon persons who had ceased to be, or might thereafter become, trustees. The plaintiff cannot claim that it gave credit, under the provisions of the statute in question, to persons who were not trustees when the debt was contracted

The true interpretation of the statute, I think, is, that three

circumstances must concur in point of time, to render a trustee liable, viz.: the existence of the debt; the existence of the default in making the report; and the trusteeship. Where these concur, the trustee is liable for all debts, if he was such trustee when the default occurred. If he was not a trustee at the time of the default, but became such afterwards, then his liability is limited to debts created while he remains trustee, and while the default continues. These positions are all substantially embraced in the decisions of this court in the cases of *Garrison* v. *Howe* (17 N. Y., 458), and *Boughton* v. *Otis* (21 id., 261). The plain letter of the statute, as well as its spirit, is against the liability of the defendants in this case. The only material words are "the trustees" shall be liable for the debts "that shall be contracted before such report shall be made." Only those who are trustees when the debts are contracted come within these terms.

The judgment of the Supreme Court should be affirmed.

MARVIN, J., delivered an opinion to the same effect, and all the judges concurred.

Judgment affirmed.