2  613
20ap552
2h  613
52ad139
52  140
2h  613
165a  10

HENRY S. CHANDLER, APPELLANT, *v.* JOHN T. HOAG, RESPONDENT.

*Trustee of corporation—personal liability of—resignation of—action on by corporation.*

To make a trustee personally liable for debts of the corporation, three things must concur : the trusteeship, the neglect to publish the annual report, and the debt.

*Shaler Quarry Co.* v. *Bliss* (27 N. Y., 297) followed.

A trustee has power to resign, and its acceptance and entry in the minutes of the corporation are not necessary to make the resignation complete.

A person, becoming a trustee after twenty days from January first, is bound to publish annual report.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

The referee found that the defendant was, from the 27th day of January, 1872, until the 20th day of August, 1872, a trustee of the Star Publishing Company, a corporation organized pursuant to an act of the legislature, entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical and chemical purposes," passed February 17, 1848, and the acts amending and extending the same. That between July 6th and October 26th, 1872, the corporation became indebted to the plaintiff's assignor for printing done at the agreed price of $230 per week. That the Star Publishing Company did not, within twenty days from January 1, 1872, nor at any time thereafter, before or on October 26, 1872, make, publish or file an annual report. That August 20, 1872, the defendant served on each trustee, the president and secretary of said corporation, a notice in writing, resigning his position as trustee, and never afterward acted as trustee.

The referee found as conclusions of law, that Hoag ceased to be trustee, August 20, 1872, and was chargeable with no default as trustee.

*George C. Holt,* for the appellant. Hoag should have filed report. (*Boughton* v. *Otis,* 21 N. Y., 261; *Vincent* v. *Sands,* 11 Abb. [N. S.], 366; *Shaler and Hall Quarry Company* v. *Bliss,* 27

N. Y., 297.) The resignation must be accepted by the corpora-
tion. (Russell & Ames on Corp., § 433, and cases cited; *The Peo-
ple* v. *Metropolitan Board, etc.*, 26 N. Y., 328.)

*John L. Hill,* for the respondent. Hoag was not bound to
file report. (*Boughton* v. *Otis,* 21 N. Y., 266; *Nimmons* v. *Hen-
nion,* 2 Sweeney, 663; *Garrison* v. *Howe,* 17 N.Y., 458; *Shaler and
Hall Quarry Company* v. *Bliss,* 27 id., 297; *McHarg* v. *Eastman,*
7. Robt., 137.)

TAPPEN, J. :

On the 27th January, 1872, the defendant became a trustee of
the Star Publishing Company, a manufacturing corporation organ-
ized under the general law. On the 20th of August, 1872, he sent
in a written resignation, and ceased thereafter to act as trustee.
The resignation was not acted on, or entered upon the minutes of
the company, until November following. Held, that his trustee-
ship lasted from January 27th to August 20th, 1872, and not
longer.

When defendant took the office of trustee, the annual report of
the company, required by law to be published within twenty days
after the first of January in each year, had not been published.
The omission to publish it continued during the trusteeship. A
debt was contracted by the company to the plaintiff's assignor; it
passed into judgment, and, after the regular proceedings thereon,
this action is brought to charge the defendant with personal liabil-
ity therefor. It will be observed that three things concur here, as
required by *Shaler and Hall Quarry Co.* v. *Bliss,* \* to wit: The
trusteeship, the default to publish, and the debt. The debt was
for printing, at the rate of $230 per week; and, while the defend-
ant will not be held liable for so much of the debt as was con-
tracted after he ceased to be trustee, he will be held for that part
of it contracted between July 6th and August 20th, 1872, during
which time he was a trustee. If he desired to avoid personal
liability, it was his duty, as it was in his power, to have the annual
report published immediately after he became trustee. †

\* 27 N. Y., 297.

† R. S. (Edmunds' ed.), vol. 3, 735; Vincent v. Sands, 11 Abb. (N. S.), 366;
Shaler and Hall Quarry Co. v. Bliss, 27 N. Y., 297.

The fourth section of the general law in question, contemplates the resignation of a trustee. It does not say his resignation shall be accepted, nor does it require an entry in the minutes to make the resignation complete; and his right to resign does not seem to be in any doubt.[*] The plaintiff having been nonsuited at the reference, a new trial is ordered at circuit, costs to abide event.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment reversed and new trial ordered, costs to abide event.

[*] Squires v. Brown, 22 How., 45.