CHANDLER v. HOAG.

*Corporation — formed under general law — liability of trustees — resignation of trustees.*

Defendant became trustee of a corporation, organized under the general act January 27, 1872, and resigned August 20, 1872. His resignation was not acted on or entered on the books of the company until November following. When defendant became trustee the annual statement required by law (Laws 1848, chap. 40, § 12) to be published within twenty days after the first of January was not published, nor was it published during his trusteeship. *Held*, (1) that the trusteeship lasted from January 27 to August 20, and no longer; (2) that defendant was, by reason of the ommission to publish, personally liable for an indebtedness of the corporation, contracted between July 6 and August 20, but was not so liable after August 20.

The third section of the act mentioned (Laws 1848, chap. 40), does not require an acceptance or an entry on the minutes of the corporation to make the resignation of a trustee complete.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The action was brought in Kings County by Henry S. Chandler against John T. Hoag and others, to recover the amount of a debt due from a corporation, formed under the general act and known as the Star Publishing Company, of which the defendants were trustees. The action was before trial discontinued as to the defendants other than Hoag. Other material facts appear in the opinion.

*Nash & Holt*, for appellant.

*Barrett, Redfield & Hill*, for respondent, cited *Boughton* v. *Otis*, 21 N. Y. 266; *Nimmons* v. *Hennion*, 2 Sweeney, 663; *Garrison*

v. *Howe*, 17 N. Y., 458 ; *Shaler & Hall Quarry Co.* v. *Bliss*, 27 N. Y. 297 ; *McHarg* v. *Eastman*, 7 Robt. 137.

Tappen, J.   On the 27th of January, 1872, the defendant became a trustee of the Star Publishing Company, a manufacturing corporation organized under the general law.   On the 20th of August, 1872, he sent in a written resignation and ceased thereafter to act as trustee.   The resignation was not acted on or entered upon the minutes of the company until November following. When the defendant took the office of trustee, the annual report of the company required by law to be published within twenty days after the first of January in each year, had not been published. The omission to publish it continued during the plaintiff's trusteeship.   A debt was contracted by the company to the plaintiff's assignor; it passed into judgment, and, after the regular proceedings thereon, this action is brought to charge the defendant with personal liability therefor.

It will be observed that three things concur here, as required by *Shaler* v. *Bliss*, 27 N. Y. 297, to wit : The trusteeship, the default to publish, and the debt.   The debt was for printing at the rate of $230 per week, and while the defendant will not be held liable for so much of the debt as was contracted after he ceased to be trustee, he will be held for that part of it contracted between July 6 and August 20, 1872 during which time he was a trustee.

If he desired to avoid personal liability, it was his duty, as it was in his power to have the annual report published immediately after he became trustee.   Laws 1848, chap. 40, § 12 ; *Vincent* v. *Sands*, 11 Abb. N. S. 366 ; *Shaler Quarry Co.* v. *Bliss*, 27 N. Y. 297. The trusteeship lasted from the 27th of January to the 20th of August, and no longer.   The third section of the general law in question contemplates the resignation of a trustee ; it does not say his resignation shall be accepted, nor does it require an entry in the minutes to make the resignation complete.   And his right to resign does not seem to be in any doubt.   *Squires* v. *Brown*, 22 How. 45.

The plaintiff having been nonsuited at the reference, a new trial is ordered at the circuit, costs to abide event.

*Judgment reversed and new trial ordered.*