## LAWRENCE B. NORRIS, APPELLANT, *v.* DAVID R. DE WOLF, RESPONDENT.

*General manufacturing act—failure to file report—§ 12 of chap. 40 of 1848—"debts"—meaning of.*

This action was brought to recover the value of certain bonds issued by the New York and South American Gold Mining Company, a corporation organized under the general manufacturing and mining act of 1848, from the defendant, a trustee thereof, on the ground that he had become liable therefor, by a failure to file the yearly report required by that act. Upon the trial it appeared that the bonds were given to one Whetmore, by the company, as a mere gratuity. Whetmore subsequently became insane, and the plaintiff was appointed his guardian.

*Held,* that as the bonds were *given* to Whetmore by the company, no *debt* existed against it in his favor, within the meaning of that term as used in section 12 of chapter 40 of the Laws of 1848, rendering the trustees liable, upon a failure to file the report, for all the *debts* of the company.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court.

This action was brought by plaintiff to charge defendant, who was a trustee of the New York and South American Gold Mining Company in the sum of $5,000 and interest (being the amount of certain bonds alleged to have been issued by said company and held by plaintiff) by reason of the failure of the company to make and file the annual report required by the general act " to authorize the formation of corporations for manufacturing, mining," etc.

Upon the trial it appeared that the New York and South American Gold Mining Company, a corporation organized in 1870, under the general manufacturing and mining act of this State, failed to make and file the annual report required by law for the year 1874, and that the defendant was one of its trustees at the time of such omission.

In 1872 the company made seventy bonds, each for $1,000, secured by a trust mortgage on its real estate. Five of these bonds came into the possession of one Joseph Whetmore, who received them as a gratuity, and without paying any consideration to the company therefor.

Whetmore became thereafter insane, and the plaintiff was appointed by a Massachusetts Probate Court guardian of his person and estate, in which capacity he came into the possession of the bonds in question.

*B. F. Mudgett*, for the appellant.

*W. P. Chambers*, for the respondent.

Ingalls, J. :

This is an appeal by the plaintiff from a judgment herein in favor of the defendant, after a trial at the Circuit, at which the court directed a verdict in favor of the defendant. To recover, the plaintiff was compelled to establish a debt against the New York and South American Gold Mining company. The evidence wholly failed to establish such debt; on the contrary, showed that the bonds in question were a gratuity to Whetmore — and hence had no inception in the sense required to constitute *a debt* against the company, so as to justify a recovery in this action.

The statute of 1848 (chapter 40, section 12), under which this action is brought, provides as follows : "All the trustees of the company shall be jointly and severally liable for *all the debts of the company* then existing, and for all that shall be contracted before such report shall be made."

The failure of the plaintiff to establish a debt against the company was fatal to a right to recover in the action, and justified the decision of the court. (*The Shaler and Hall Quarry Company* v. *Bliss*, 27 N. Y., 297 ; *Chambers* v. *Lewis*, 28 id., 454 ; *Adams* v. *Mills*, 60 id., 533 ; same case, 38 Superior Court Rep., 16.) This defect in the plaintiff's case renders the examination of the other questions, at length, unnecessary, as they become unimportant so far as the result is concerned. We have, however, examined the several exceptions so far as to become satisfied that no material error was committed by the court.

The judgment must be affirmed with costs.

Davis, P. J., concurred.

Present — Davis, P. J., and Ingalls, J.

Judgment affirmed with costs.