E. CLARK CARLEY, AS EXECUTOR, ETC., OF MARVIN BALCH, DECEASED, RESPONDENT, v. ALEXANDER HODGES, APPELLANT.

*Chap.* 40 *of* 1848, § 12 —*failure to file report — trustees liable for then existing debts — right of a creditor's executors to enforce such personal liability.*

A failure to file the report required by section 12 of chap. 40 of 1848, renders the trustees liable for the debts then existing as well as for those thereafter contracted.
Where the failure to file the report occurs after the death of the creditor, the trustees are personally liable to his executor.
*California Bank* v. *Collins* (5 Hun, 209), distinguished.

APPEAL from a judgment, in favor of the plaintiff, entered upon the trial of this action, by the court, without a jury.

The action was brought to recover a debt due from The Stillwater Cheese Manufacturing Company to the estate of Marvin Balch, the plaintiff's testator. It was claimed that the defendant was liable for said debt as a trustee of said corporation, because of a failure to file the report required by section 12 of chap. 40 of 1848. The debt accrued in 1867. The failure to file the report occurred in the years 1877 and 1878. Balch died in 1874, leaving a will, by which the plaintiff was appointed executor.

*McDowell & Lewis*, for the appellant.

*Wm. J. Mantanye*, for the respondent.

LEARNED, P. J.:

It is not disputed that the defendant had been a trustee of the manufacturing company from 1873 down to the time of the commencement of the action in 1878; and that, in 1877 and 1878, the report required by section 12, chap. 40, Laws of 1848 as amended, was not made. Since 1874 the plaintiff, as executor of one Balch, has been a creditor of the company.

The defendant insists that he is not liable; first, because he was not a trustee when the debt was contracted. The statute makes trustees, who are such when a failure to file the report occurs, liable as well for debts then existing as for those afterwards contracted.

The defendant cites *Shaler & Hall Company* v. *Bliss* (27 N. Y., 297), and quotes the language : " Only those who are ' trustees ' when the debts are contracted come within these terms." But the point there decided was only that one was not liable for debts contracted after he ceased to be a trustee. The case of *Boughton* v. *Otis* (21 N. Y., 261), also cited by the defendant, states that trustees are liable for debts existing while they are in default. And that rule applies to this case.

The defendant also insists that a right of action, on this statute, does not survive to the executor. (*California Bank* v. *Collins*, 5 Hun, 209.) Without accepting the correctness of that decision. (*Pier* v. *George*, 14. Hun, 568; *Bolen* v. *Crosby*, 49 N. Y., 187) we may say that it does not apply here. The default occurred after the death of the testator.

The plaintiff, as executor, was the owner of the debt ; the debt was in existence when the default of the trustees occurred, and the defendant was then a trustee. It seems to us that he is liable.

The judgment is affirmed, with costs.

Present — LEARNED, P. J. ; BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.