By the Court.
The complaint alleges that the plaintiff’s assignors Decker, Howell & Co., as bankers and brokers, opened an account with the defendant for the purchase and sale upon commission of stocks and similar securities; that as such bankers and brokers they bought various stocks and securities for the defendant upon commission and expended various sums of money therefor at his request and on his account, and loaned him money from time to time at his request, in such manner and to such extent that on November 11, 1890, there was due to said firm from the defendant on account of such transaction $11,879.44. It is also alleged that after crediting the defendant with the proceeds of certain collaterals sold on the defendant’s account there remained abalance due to said firm from the defendant of $4,470.02, for which the plaintiff demands judgment.
The material allegations of the complaint were denied by the defendant, who pleaded as a second defence that about June 23, 1890,- he, the defendant, jointly with ten others named in the answer, entered into a syndicate, combination or pool to trade or speculate on joint account in the stock of the Louisville, New Albany & Chicago Railway Company, and for other purposes, and employed the firm of Decker, Howell & Co. to make the -purchases and sales on their joint account and that the balance alleged in the complaint to be due from the defendant is by reason of the purchases and sales on account of said pool.
Upon the trial the plaintiff offered in evidence an agreement signed by the defendant, in which the latter, after reciting that he *778 ■desires to take an interest in the pool of not less than seven hundred shares of said stock, agrees to be responsible for said seven -hundred shares, upon condition that when enough agreements like that in question shall be delivered to Decker, Howell & Go. to make seven thousand shares of such stock in said pool, the ^agreement signed by the defendant shall take effect. This agreement is marked Exhibit 3 in the case, and shows a personal and individual responsibility on the part of the defendant, conditioned only upon Decker, Howell & Co. procuring ten others to enter into similar obligations.
At the trial the plaintiff invoked the benefit of the admissions ■contained in the second defence to the action, and then placed the ■defendant upon the stand and proved by him that Exhibit 3 was the agreement referred to in his answer. The plaintiff thereupon ■claimed that this writing coupled with the evidence of the defend.ant and the admissions in his answer, proved that the conditions upon which it was to become obligatory had been carried into effect; that is to say, that the pool agreement had been executed by the other ten persons as to the whole seven thousand shares, and hence the defendant’s writing had ripened into a binding obligation.
The trial judge held that the plaintiff could not avail himself of the defendant's admission to the effect that the pool agreement was entered into, without also accepting and being bound by the defendant’s conclusion that the agreement was a joint one. We think this was error. If the admission in the pleading had alone been relied on by the plaintiff the ruling might have been correct, but coupled with the evidence of the defendant and the production of Exhibit 3 we think it erroneous. A party is not bound by the admission of his adversary in a pleading, but is at liberty to use it so far as it makes in his favor, and to disprove the residue; that is, he is not estopped by it. Mott v. Consumers' Ice Co., 73 N. Y. 543, 550; Whitney v. Town of Ticonderoga, 58 Hun, 214; 24 St. Rep. 950; Abbot’s Tr. Pr. on Pleadings, p. 457 ; Algase v. Horse Owners’ Assoc., 60 St. Rep. 670.
It was not necessary to prove as against all eleven members of the pool that the agreement had gone into force; ten of them were not before the court. The defendant’s admission that they executed like agreements is all that is required to bind him' by way of proof of the fact; and, taken together with his identification of Exhibit 3, his admission dispenses with any further proof of the completion and going into effect of the pool agreement as far as he is concerned. We think this was the effect of the writing, evidence and admission construed together.
When the complaint was dismissed the case had not reached the,point where it might be intelligently decided whether the contract sued upon was against law or public policy; and this» question is not discussed on the respondent’s points. It is no't therefore before us in a manner to require further comment.
The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.
All concur.