UNION BANK OF BUFFALO v. KEIM.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. STOCK CORPORATION LAW—REPORT—DIRECTOR—LIABILITY—SPECIES OF CORPORATION—ALLEGATION—SUFFICIENCY.

    Stock Corporation Law, § 30, makes directors of corporations other than railroad or moneyed corporations liable for corporation debts on failure to file annual reports, and section 2 provides that stock corporations shall be moneyed, transportation, or business corporations. *Held*, in an action against a director to enforce the liability created by section 30, that a complaint alleging that he was director of a business corporation sufficiently showed that the corporation was not a railroad or moneyed corporation.

2. SAME—ACCEPTANCE AS DIRECTOR—ANSWER AS EVIDENCE—SUFFICIENCY.

    An allegation in an answer that defendant, sued as a director of a corporation under Stock Corporation Law, § 30, making directors liable for corporation debts on failure to file annual reports, was elected director, and attended one directors' meeting, is sufficient proof of his acceptance of the office, though the answer also alleged that, on discovering that false representations had been made to him to induce his attendance, he refused to further act as director.

**3. SAME—ELECTION AFTER REPORT DUE—SUBSEQUENT DEBT—LIABILITY.**

Stock Corporation Law, § 30, requires a verified report during January of each year of the condition of the corporation, which shall be signed by a majority of the directors, and provides that, if the report is not made, all the directors shall be jointly and severally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made, but that no director shall be liable if he file with the secretary of state a verified certificate that he has endeavored to have such report made, to which he shall append the items required by the report as far as they are within his knowledge. *Held*, that defendant, elected director in April of a year for which no report was made, was personally liable for a debt of the corporation contracted in May, he having failed to file a verified certificate of his effort and failure to secure such report.

Appeal from special term, Erie county.

Action by the Union Bank of Buffalo against John R. Keim. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, and LAUGHLIN, JJ.

Charles E. Rushmore, for appellant.

William L. Marcy, for respondent.

WILLIAMS, J. The action was brought by the plaintiff, as a creditor of the Eclipse Electric Lamp Company, a domestic corporation, against the defendant, as a director of the corporation, to recover the amount of a debt owing by the corporation to the plaintiff by reason of a failure to make and file an annual report. The lamp company was organized under the stock corporation law (chapter 688, Laws 1892), in the latter part of November, 1895, and commenced doing business at once. It opened an account with the plaintiff, and on May 20, 1896, procured its note for $1,000, payable 60 days after date, to be discounted by plaintiff. When this note became due, it was not paid. This constituted the indebtedness by the lamp company to the plaintiff for which a recovery was had. The directors of the lamp company did not make or file a report in January, 1896. The defendant was elected a director of the lamp company April 3, 1896, and also the treasurer of the company, and served as such director until its insolvency, in July, 1896. Defendant, after he was elected a director, took no steps to procure an annual report to be made or filed.

One question raised by the defendant was that the complaint did not show that the lamp company was a stock corporation other than a moneyed or a railroad corporation. Section 30 of the stock corporation law relates to annual reports, and provides for the liability of directors for failure to make such reports, and limits the section to corporations other than moneyed or railroad corporations. The allegation in the complaint was that the lamp company was a domestic business corporation. By section 2 of the stock corporation law it is provided that stock corporations shall be moneyed, transportation, or business corporations. So that, when the complaint alleged that the lamp company was a business corporation organized under the stock corporation law; it, by that allegation, took it out

of the class of moneyed or railroad corporations, the latter being a transportation corporation.

Another question raised by the defendant was that it was not proved that the defendant accepted the office of director, or acted as such after he was elected. "Statements, admissions, and allegations in pleadings are always in evidence for the purposes of the trial. They are before the court and jury, and may be used for any legitimate purpose." Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701. The defendant, in paragraph 10 of his answer, stated that he had attended a meeting of the board of directors on or about the 18th day of April, 1896 (he had been elected April 3, 1896); that he subsequently learned that representations made to induce his attendance at such meeting were false, and he then refused to further act as a director. This was sufficient evidence to make out a prima facie case as to his having served as a director after his election, and thereby accepted the office. No particular point seems to have been made of this objection at the trial. The court several times during the charge stated as a fact that the defendant was a director, having been elected as such, and no exception to such statement was made at the end of the charge.

Another question raised by the defendant, and really the only important question involved in this appeal, was whether, under a proper construction of the statute, the defendant could be made liable for the indebtedness of the corporation to the plaintiff. The facts are not in dispute here. Whatever differences existed at the trial were submitted to the jury, and were settled by their verdict. The statute (section 30) provides that the corporation should annually, during the month of January, make a report as of January 1st, which should be signed by a majority of the directors, and verified by the oath of the president or vice president and treasurer or secretary, and filed in the office of the secretary of state and county clerk of the county, and "if such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made. No director shall be liable for the failure to make and file such report if he shall file with the secretary of state within 30 days after the first day of February * * * a verified certificate stating that he has endeavored to have such report made and filed, but that the officers or a majority of the directors, have refused and neglected to make and file the same, and shall append to such certificate a report containing the items required to be stated in such annual report so far as they are within the knowledge or are obtainable from sources of information open to him and verified by him, to be true to the best of his knowledge, information and belief." The report which should have been filed under this statute in January, 1896, was not filed at any time during that year, nor did the defendant take any steps to protect himself from liability by filing the certificate, etc., as permitted by the statute. The defendant was elected a director April 3, 1896, and never resigned the office. The debt was contracted May 20, 1896. Upon these facts there can be no doubt as to the liability

of the defendant. It is not claimed on behalf of the defendant that there is any authority holding he would not be liable, but merely that it ought to be so held, and that the cases in which the judges have said such liability existed did not involve the question, and the language of the judges was obiter, and did not decide the question. There has been so much said upon the subject, however, that we think we should follow what has been written, rather than attempt to lay down a new rule ourselves.

In Boughton v. Otis, 21 N. Y. 261, Judge Comstock said:

"A board of trustees guilty of default in January, and retiring from office, is liable for all antecedent debts, and for those only; and the successors, if they continue the default until the next January, and no longer, are liable for the debts afterwards contracted during that year, and for no other. If the persons succeeding to office promptly obey the requirement of the act, they will escape all liability; and it is plainly just that they should, because there is no failure of duty on their part. If they do not, they very properly incur the hazard of the debts which they themselves as trustees contract."

While Judge Denio said that, if directors coming upon the board after the January default in making the report "would not be liable for prior debts, they would not for those subsequently contracted, unless they should remain in office until the next annual period for making the report; for it is those who are liable for the debts then existing who are made liable for those subsequently contracted." In that case it did not appear that the debt was contracted after the defendant became a director, and therefore he was held not liable. It may, therefore, very likely be said that the question we are here considering was not necessarily involved. Four judges concurred in Judge Comstock's and one in Judge Denio's opinion, while one judge expressed no opinion.

In Quarry Co. v. Bliss, 27 N. Y. 297, Selden, J., laid down the same rules as were stated by Comstock, J., in Boughton v. Otis, supra, but in that case the trustees sued were those who had gone out of office before the debt in question was contracted, so that the question we are here considering was very likely not necessarily involved; but all the judges concurred in the opinion.

In Vincent v. Sands, 42 How. Prac. 231 (which was affirmed in 58 N. Y. 673, without opinion), Freidman, J., laid down the same principles citing Boughton v. Otis and Quarry Co. v. Bliss. In that case the default in a January report extended through several years while defendant was a trustee, so that he was held liable by reason of his own default as to such report, and the question we are here considering may not necessarily have been involved.

In Chandler v. Hoag, 2 Hun, 613 (which was affirmed in 63 N. Y. 624, on the opinion of the court below), Mr. Justice Tappen held the doctrine contended for by this plaintiff. There was default in January report in 1872. The defendant became trustee January 27, 1872, and continued such until August 20, 1872, when he resigned. The debt was contracted July 6, 1872, and was for printing at the rate of $230 per week, and it was held that the defendant was liable for this amount per week during the time he was actually trustee. Quarry Co. v. Bliss was cited as authority for the decision. It would

seem that the question we are here considering was directly involved in that decision.

These are the only cases we need consider here. We see no reason to question the principles laid down in all these cases and approved of in the case of Chandler v. Hoag, supra, where the question was directly up. That case must be regarded as settling the law of this state, even if it was uncertain before. It is said that a director coming upon the board during a year after a January default in making a report would be helpless. He could very likely cause a report to be made himself, or, failing in that, file the certificate, etc., provided for by the section. We think either of these things could be done at any time during the year, but, in any event, he could refuse to act, or he could resign, and cease to be a trustee, and then protect himself. We think the judgment and order appealed from should be affirmed, with costs.

Judgment and order appealed from affirmed, with costs. All concur.