RAYNOLDS v. VINIER.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. WITNESSES—CROSS-EXAMINATION—SCOPE—DISCRETION.

Where, in an action for slander, based on a charge of unchastity, plaintiff stated on cross-examination that she was married in April preceding the trial in October, and that she was pregnant in June, the court did not abuse its discretion to restrict the cross-examination within reasonable

limits by excluding a further question as to how long she had been pregnant.

2. TRIAL—PLEADINGS—RIGHT TO READ TO JURY.
   Where the pleadings are in evidence, counsel may read to the jury such parts thereof as they desire to.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 280.]

3. SAME—JURY'S DELIBERATIONS—RIGHT TO TAKE DOCUMENTS TO JURY ROOM.
   Where a pleading or other document is in evidence, it is within the trial court's sound discretion to permit the jury to take it to the jury room.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 734.

4. SLANDER—PLEA OF JUSTIFICATION AS EVIDENCE.
   Where, in an action for slander based on a charge of unchastity, there was no evidence to sustain flagrant accusations of unchastity against plaintiff made in the answer, the jury could consider the answer as bearing on defendant's good faith.

5. SAME—DAMAGES—RECOVERY NOT EXCESSIVE.
   A recovery of $887.66 was not excessive for slanderous charges of unchastity against a recently married woman 16 years old, where they were wantonly and maliciously made, and the verified answer contained vicious attacks upon her virtue.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 353, 354.]

   Kruse and Robson, JJ., dissenting.

Appeal from Trial Term, Jefferson County.

Slander action by May Raynolds, an infant, by Raymond Raynolds, her guardian ad litem, against Anna Vinier. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John B. Rogers, for appellant.
B. A. Field, for respondent.

SPRING, J. The action is for slander charging the plaintiff with unchastity, and the defendant did not deny on the trial the utterance of the slanderous words alleged and proved. Testimony was received in justification of the charge and was met by contrary proof, and the jury were evidently satisfied that the assault upon the plaintiff's character was without foundation.

The only questions up for review relate to certain alleged erroneous rulings upon the trial. The plaintiff was sworn on the rebuttal to disprove the testimony imputing unchastity to her. She has testified on cross-examination that she had been married in April previous to the trial in October, 1906, and that she was in the family way in June of that year. The defendant thereupon asked her how long she had been in that condition, and objection was interposed. No evidence had been given in direct support of the averments in the answer justifying or in mitigation of the alleged slander relating to the latter part of the year 1905 or the year 1906. After a colloquy concerning the allegations of the answer, the following occurred:

"The Court: You have given no evidence that such a statement was made and you have rested your case. Mr. Rogers: Well, this is a matter on cross-

examination. I suppose it is largely in the discretion of the court. The Court: If it is simply a matter of discretion, I won't allow it unless it is covered by your pleading. Mr. Rogers: I think it is covered by the pleading. If your honor will permit me, I would like to just glance them over. I would like to get a ruling on the question—that is, just merely as a matter of cross-examination. The Court: I won't receive it on that. Mr. Rogers: Give me an exception, please."

The exclusion of the testimony was not error. The court at the trial term in his discretion might restrict the cross-examination within reasonable limits, and the discretion was not abused.

It is also to be observed that after the exclusion of this testimony the counsel for the defendant examined the plaintiff further on the subject of her pregnant condition, and she testified:

"I was in the house on this occasion [in June] for about two weeks. There were no other occasions when I had this same difficulty prior to my marriage."

He therefore obtained substantially all the information excluded by the ruling.

The jury, against the objection and exception of the defendant, were permitted to take to the jury room the pleadings in the action. The pleadings were in evidence, and the counsel for either party might have read to the jury such parts of them as he desired. Holmes v. Jones, 121 N. Y. 461, 466, 24 N. E. 701; Union Bank v. Keim, 52 App. Div. 135, 137, 64 N. Y. Supp. 1070; Field v. Surpless, 83 App. Div. 268, 271, 82 N. Y. Supp. 127. Where a document is in evidence, it rests in the sound discretion of the court whether it is to be taken by the jurors when in their deliberations. Howland v. Willetts, 9 N. Y. 170; Sanderson v. Bowen, 2 Hun, 153; Shappner v. The Second Ave. R. R. Co., 55 Barb. 497; Porter v. Mount, 45 Barb. 422, 428; Algase v. Horse Owners' Ind. Ass'n, 77 Hun, 472, 475, 29 N. Y. Supp. 101; Smith v. Pelott et al., 63 Hun, 632, 18 N. Y. Supp. 301; Rumsey's Practice, vol. 2, p. 317.

The court in Porter v. Mount, supra, use this language at page 428 of 45 Barb.:

"If written documents or papers used in evidence on a trial can only be taken to a jury room upon the consent of parties, it is quite apparent that the practice in such cases stands upon a very uncertain footing. Such consent will, many times, be withheld when the papers and documents would materially aid the jury in their deliberations. It is properly a question to be left unqualifiedly to the discretion of the circuit judge. The judges who preside at nisi prius find constant occasions when the written evidence, used on the trial, should be allowed to go to the jury rooms, and I think we should assert and hold the true rule and law to be that the judge at the circuit may in all cases, in his discretion, with or without the consent of the parties, allow the jury to take to their room any written documents or papers received and used in evidence on the trial of a cause. The circuit judge in this case, I think, exercised his discretion properly in allowing the mortgage in question to be taken to the jury room, and this exception should be overruled."

And its discussion in Howland v. Willetts, supra, is summed up in this way at page 175 of 9 N. Y.:

"I have examined with some care the reports of Westminster Hall, as well as of this state, and have not been able to find a case where the courts have set aside a verdict when the jury have by direction of the court been permitted to take to their room a paper which had been given in evidence in the cause."

If it was proper for the court in its discretion to permit the counsel to read from the pleadings to the jury, it was equally competent to permit the jurors personally to read them.

The answer, which was verified by the defendant, set forth generally or in detail what purported to be facts in justification or mitigation of the attack upon the chastity of the plaintiff, and no evidence was offered to sustain some of the most flagrant of these accusations. The jury had the right to consider the answer as bearing upon the good faith of the defendant. No request was made by the counsel for the defendant that the court instruct the jury in any way concerning the relevancy of the pleadings, or the purpose of or limitation upon their inspection of them. Documentary evidence, if at all involved, should be delivered to the jury rarely, especially if objection is interposed. The subject can, however, be safely intrusted to the trial judge, and the exercise of his discretion should not ordinarily be interfered with; and we can see no reason for doing it in this case.

The damages were not excessive. To be sure, the compensatory damages to the plaintiff were probably not large, for the persons to whom the slanderous words were uttered knew the plaintiff, and did not credit the imputation upon her chastity. There was, however, ample justification for awarding punitive damages. The defendant in the slander alleged repeated what she claimed to have heard. Her verified answer, however, contained vicious attacks upon the virtue of this young woman of 16 years who had recently been married. The defendant produced witnesses who attempted to substantiate these allegations by proof which, if true, established that the plaintiff was a bad woman. The plaintiff contradicted these assaults upon her character, testifying in her own behalf and producing witnesses who vindicated her from the charges, and the integrity of the witnesses on behalf of the defendant was impugned. The defendant also set out in her answer statements that "she [the plaintiff] had intercourse with different young men here in Watertown, and was not afraid of getting into trouble because she knew how to take care of herself"; and made other statements indicating that she (the plaintiff) was afflicted with a bad disease. The defendant was not sworn to support these charges which she had spread upon the record.

There certainly was evidence justifying the jury in believing that these charges were unfounded and were wantonly and recklessly made, and the jury took that view of the evidence and of the defendant's conduct, believing that the charges were untrue, and were made for the purpose of injuring the plaintiff, and, consequently, imposed a substantial penalty upon the defendant.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KRUSE and ROBSON, JJ., who dissent.